United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAFON PJSC,<br><br>    Plaintiff,<br><br>    v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>    Defendant. | Case No. 18-cv-06463-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART HPE'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 24 |

In this fraud case, defendant Hewlett Packard Enterprise moves to dismiss plaintiff MegaFon's complaint. Dkt. Nos. 1, 24. HPE argues that its subsidiary, HPE Russia, is a necessary party to this action; that MegaFon fails to state plausible claims under Rule 12(b)(6); that the complaint is inadequately particular under Rule 9(b); and that all the claims are time-barred. The Court FINDS that HPE Russia is not a necessary party, that MegaFon states plausible claims under Rule 12(b)(6), and that claims are pled with adequate particularity under Rule 9(b). However, MegaFon has not alleged sufficient information to show that the claims are not time-barred. The motion to dismiss is GRANTED IN PART and DENIED IN PART. MegaFon is granted LEAVE TO AMEND the complaint to show that its claims are timely.

**I. Facts Alleged**

The following facts are alleged in MegaFon's complaint. In deciding this motion, the Court accepts these allegations as true and construes them in the light most favorable to

MegaFon. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

MegaFon is one of the largest telecom operators in Russia. Dkt. No. 1 at ¶ 7. In 2011, MegaFon decided that it needed to upgrade its mobile phone network to accommodate LTE communications. *Id.* at ¶ 3. It circulated an RFI containing its express goals for this upgrade. *Id.* at ¶ 15. HPE, a corporation headquartered in Palo Alto, CA, responded to the RFI. *Id.* at ¶ 8, 16. After extensive negotiations throughout 2012 including representations by HPE that it could provide for all of MegaFon's needs, the companies entered a contract in 2013. *Id.* at ¶ 18–53. This contract was between MegaFon and HPE Russia (at the time called "ZAO HP"), HPE's Russian subsidiary. Dkt. No. 24 at 1. The contract contained a forum-selection clause stating that "[a]ll disputes [that] appear because of this Contract . . . . must be tried in Moscow City Arbitration Court." Dkt. No. 24, Ex. A ("Framework Contract") at § 14.1.

The upgraded system performed poorly, contained defects, and was fundamentally incapable of meeting MegaFon's requirements. Dkt. No. 1 at ¶ 58–67. MegaFon paid $28 million for the failed upgrade, will have to spend up to another $28 million for a new upgrade, and suffered costs in diagnosing and mitigating the dysfunctional system while its reputation was harmed. *Id.* at ¶ 87, 88.

MegaFon brings three causes of action against HPE: (1) fraudulent inducement, (2) negligent misrepresentation, and (3) unfair competition. *Id.* at 16–22. MegaFon seeks compensatory, punitive, and restitution damages. *Id.* at 22–23.

Both parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 12, 16.

**II. Legal Standard**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are

2

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a claim is not sufficiently pled, the Court should grant leave to amend unless it "determines that the pleading could not possibly be cured by allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. Discussion

HPE moves to dismiss MegaFon's complaint primarily on the following grounds: (1) that MegaFon fails to name HPE Russia, who is a necessary party, as a defendant; (2) that MegaFon fails to state a plausible claim under Rule 12(b)(6); (3) that MegaFon's complaint is pled with inadequate particularity under Rule 9(b); and (4) that all the claims are time-barred.

#### A. HPE Russia Is Not A Necessary Party

Rule 19(a) provides that a party is "necessary" to an action if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Rule 12(b)(7) authorizes dismissal of an action that fails to join a party whose presence is necessary for adjudication under Rule 19. The analysis of whether a party is necessary "is heavily influenced by the facts and circumstances of each case." *Pit River Home and Agric. Co-op Ass'n v. United States*, 30 F.3d 1088, 1098 (9th Cir. 1994) (internal quotations omitted). Once the Court determines that a party is necessary, it must then consider whether joinder is feasible and, if not, whether the party is

3

"indispensable," meaning that "in equity and good conscience," the action cannot continue without them. Fed. R. Civ. P. 19(b); *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). Subsidiaries are generally not indispensable when the corporate parent is present because the corporate parent's interests are presumed identical to its subsidiaries' and the parent has an identical incentive to defend the action. *Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1272 (Fed. Cir. 1998); *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 364 (7th Cir. 2004).

Here, HPE argues that HPE Russia is a necessary party under Rule 19(a)(1)(B)(i). This would be so if HPE Russia had an interest in this action such that disposing of the action in its absence would impair or impede HPE Russia's ability to protect its interest.

### 1. This Is A Tort Case

HPE's first basis for this argument reflects an underlying conflict regarding the very basic premise of this case. HPE argues that because this litigation will involve interpreting terms of the contract between HPE Russia and MegaFon, HPE Russia is a necessary party. Dkt. No. 24 at 7; *see Navigators Ins. Co. v. Dialogic*, 2014 WL 2196403, at *2 (N.D. Cal. May 24, 2014) (finding that contracting parties were necessary to the action because the court would need to interpret provisions of the contract). HPE accuses MegaFon of "seek[ing] to transform a Russian contractual dispute into a U.S. fraud action." Dkt. No. 24 at 20. MegaFon, on the other hand, frames the case not as a dispute over the contract, but more broadly: as a tort case against the larger HPE corporation for inducement to enter the contract with HPE Russia. Dkt. No. 36 at 13. MegaFon is the master of its claim. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 91 (2005). MegaFon brings tort claims, not contract claims. Dkt. No. 1. MegaFon's complaint contains assertions against HPE implicating actions by HPE and its personnel, not just against HPE Russia and its representatives. *Id*. Taking MegaFon's factual allegations as true, the Court views this not as a contract dispute but as a tort case which may be properly brought against HPE.

### 2. The Forum-Selection Clause Does Not Govern

This distinction resolves HPE's next argument that HPE Russia is necessary: that

4

the contract between HPE Russia and MegaFon contains a forum selection clause identifying a Russian tribunal as the venue for litigating disputes arising out of the contract. Dkt. No. 24 at 8; *see also* Framework Contract at p. 1. This provision states that "[a]ll disputes [that] appear because of this Contract . . . . must be tried in Moscow City Arbitration Court." Framework Contract § 14.1. HPE argues that HPE Russia contracted for this provision, and for good reason: evidence and witnesses located in Russia would make that a more convenient location to litigate this dispute. Regardless, the forum selection clause cannot govern this case because this dispute does not arise under the terms of the contract but instead challenges the circumstances that gave rise to the contract's existence in the first place. *See Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (finding that a forum selection clause is not enforceable when the contract itself was a result of fraud). Because this case does not exist because of the contract, the claims survive the motion to dismiss despite the forum selection clause.

### 3. HPE's Conduct is at Issue

The cases on which HPE relies to argue that subsidiaries should be deemed necessary parties in suits brought against their parent companies involve situations where the subsidiaries' conduct is primarily or exclusively at issue. *See Jaffer v. Standard Chartered Bank*, 301 F.R.D. 256, 260–261 (N.D. Tex. 2014); *see also In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 906 (C.D. Cal. 2011); *see also Fiscus v. Combus Finance AG*, 2007 WL 4164388, at *5 (D.N.J. Nov. 20, 2007). In *Toyota*, the court held that unnamed foreign entities owned by the defendant were necessary parties where the named defendant was "not liable for its foreign subsidiaries' actions" and where the foreign entities were active participants in the alleged conduct. 785 F. Supp. 2d at 906. The "active participant" test, from the Eleventh Circuit, has not been adopted by the Ninth. *Oculus Innovative Sciences, Inc. v. Nofil Corp*, 2007 WL 20508, at *3 (Jan. 25, 2007) ("[t]here is no such exception in the Ninth Circuit"); *see also JNK Entmn't, LLC v. SP Sales & Distrib.*, 2016 WL 9046673, at *3 (C.D. Cal. Mar. 2, 2016) ("The Ninth Circuit has not adopted the [active participant] . . . approach"). Putting aside the "active participant" question, the key

5

point in *Toyota* was that the plaintiff wished to hold the defendant liable for alleged conduct that it attributed to the foreign entities. 785 F. Supp. 2d at 906 (finding that "because Plaintiffs' claims implicate the entities responsible for the design, manufacture, distribution, and/or sale (or lease) of their vehicles, the Court finds that the foreign entities who undertook these activities . . . are necessary to afford complete relief").

Here, in contrast, the conduct at issue is primarily HPE's. For instance, MegaFon claims that HPE's CEO, Executive Vice President, and other representatives headquartered in Northern California gave allegedly false assurances about the product's performance via written letters and phone calls, and promised a technical lead for the project based in the U.S. Dkt. No. 1 at ¶ 26, 28, 49, 50, 56, 115. Though HPE is correct that its Russian subsidiary's actions will factor meaningfully into the case, here MegaFon's complaint presents HPE as "the primary participant[] in the events giving rise to [this] litigation." *Jaffer*, 301 F.R.D. at 260.

### 4. HPE Russia's Interest is Represented

Moreover, HPE has not shown that HPE Russia has an interest in this action such that disposing of this action in its absence might impede its ability to protect its interest. MegaFon claims, and HPE does not refute, that HPE and HPE Russia have 100% identical interests in this action. HPE Russia will therefore be adequately represented.

That MegaFon *could* have brought a contract action against HPE Russia, but did not, does not make HPE Russia a necessary party here. HPE Russia is not necessary under Rule 19(a). As such, the Court does not analyze the feasibility of joinder or the indispensability of HPE Russia under Rule 19(b).

### B. MegaFon Sufficiently States its Claims Under Rule 12(b)(6)

HPE brings claims for fraudulent inducement, negligent misrepresentation, and unfair competition and alleges the following facts to support each:

### 1. Fraudulent Inducement is Adequately Alleged

To plead a claim for fraudulent inducement under California law, a plaintiff must allege (1) a false representation, concealment, or nondisclosure; (2) the defendant's

6

knowledge of the falsity of its representations or concealments; (3) the defendant's intent to induce reliance by the plaintiff; (4) the plaintiff's justifiable reliance; and (5) resulting injury. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). MegaFon alleges that HPE made false representations that their system would perform reliably, meet MegaFon's technical requirements, and contain certain technical details. Dkt. No. 1 at ¶¶ 90, 93, 98. These allegations are spelled out in the complaint with particularity, including claims that specific HPE representatives made specific statements at specific times. *Id.* at ¶¶ 26, 28, 49, 50, 56, 115. MegaFon alleges that HPE knew the falsity of the representations at the time they were made. *Id.* at ¶ 91. MegaFon alleges that HPE made these representations to convince MegaFon that it had the expertise to create the system that MegaFon required for the purpose of inducing MegaFon to award it the contract. *Id.* at ¶¶ 92, 96. MegaFon alleges that it actually relied on the representations by awarding HPE the contract. *Id.* at ¶¶ 93, 98. MegaFon alleges that it sustained damages of at least $28 million as a result. *Id.* at ¶ 99. This is a facially plausible claim for fraudulent inducement.

### 2. Negligent Misrepresentation is Adequately Alleged

A claim for negligent misrepresentation requires a plaintiff to show: (1) that the defendant misrepresented a past or existing material fact without reasonable ground for believing it to be true, (2) with the intent to induce the plaintiff's reliance on the fact misrepresented; (3) actual and justifiable reliance by the plaintiff; and (4) resulting harm. *Goonewardene v. ADP*, 5 Cal. App. 5th 154, 175 (2016). MegaFon alleges that HPE told "(at best) half-truths" about its expertise and ability to build the system MegaFon required, though it lacked reasonable grounds to believe that it had experience creating a system of the scope, scale, and purpose that MegaFon required. Dkt. No. 1 at ¶¶ 102, 104. MegaFon alleges that HPE intended for MegaFon to rely on these representations and intended to convince MegaFon to award it the contract. *Id.* at ¶ 107. MegaFon indeed awarded HPE the contract. *Id.* at ¶ 108. MegaFon alleges that it sustained damages of at least $28 million as a result. *Id.* at ¶ 99. This is a facially plausible claim for negligent misrepresentation.

7

### 3. Unfair Competition is Adequately Alleged

A claim of unfair competition under California Business & Professions Code § 17200 requires a plaintiff to show "either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising" and resulting injury. *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2001); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1003 (N.D. Cal. 2009). The alleged act must be connected to the state of California. *Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999). MegaFon alleges that HPE committed the "fraudulent business acts" described above. Cal. Bus. & Prof. Code § 17200. MegaFon alleges that some of the conduct took place in California and that HPE is a California-based corporation. Dkt. No. 1 at ¶ 115. This is a facially plausible claim for unfair competition.

## C. The Pre-Contract Statements Are Actionable and Sufficiently Alleged

HPE next argues that the pre-contract statements upon which MegaFon's claims rely are insufficient because (1) they are non-actionable puffery and (2) they are not pled with adequate particularity under Rule 9(b).

### 1. The Pre-Contract Statements Are Not Puffery

Language considered non-actionable puffery cannot form the basis for fraudulent inducement, negligent misrepresentation, or unfair competition claims because these "vague, exaggerated, generalized or highly subjective statements regarding a product or business" are "extremely unlikely to induce consumer reliance." *Cty. of Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d 1030, 1039 (N.D. Cal. 2011); *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008).

Here, HPE's statements as alleged by MegaFon are more than mere puffery. While MegaFon alleges that HPE made some vague, generalized statements to induce MegaFon to enter the contract (e.g., that HP had "industry experience and unmatched breadth of products and services" Dkt. No. 1 at ¶ 21), it also alleges many much more particular statements that could be likely to induce consumer reliance. For instance, MegaFon alleges that HPE represented that the system would have "99.999% reliability." Dkt. No. 1

8

at ¶ 4. The complaint also alleges that HPE assured MegaFon that it had successfully deployed "similar large-scale IT projects." *Id.* at ¶ 21. These statements are objectively verifiable and therefore not puffery. *See Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 606 (9th Cir. 2014) (citing *SEC v. Todd*, 642 F.3d 1207, 1216–17 (9th Cir. 2011). MegaFon also alleges statements made about specific aspects of the IT, including the scaling of the UDR system, the call processing mechanisms, and subscriber back end details. *Id.* at ¶ 38. These specific descriptions of product characteristics are actionable. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (stating that descriptions of "specific or absolute characteristics of a product are actionable"). MegaFon's complaint alleges statements that are not mere puffery.

### 2. The Pre-Contract Statements Are Sufficiently Pled Under Rule 9(b)

For claims sounding in fraud, Rule 9(b) further requires that a plaintiff "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This standard applies to all of HPE's claims: fraudulent inducement, negligent misrepresentation, and unfair competition claims sounding in fraud. *See United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1179 (C.D. Cal. 2009) (applying 9(b) to fraudulent inducement and negligent misrepresentation); *see also Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1131 (N.D. Cal. 2013) (applying 9(b) to UCL claims sounding in fraud). For a complaint against a corporate defendant, this pleading standard includes "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Flowers v. Wells Fargo Bank, N.A.*, Case No. 11-cv-1315-PJH, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011). The purpose of this heightened requirement is "to give defendants notice of the particular misconduct . . . so that they can defend against the charge." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

MegaFon's assertions meet this standard. As noted above, MegaFon alleges phone calls, letters, and presentations made by specific HPE personnel; the complaint includes these representatives' names and official titles. *See, e.g.*, Dkt. No. 1 at ¶ 26, 28, 49, 50, 56,

9

1  115. MegaFon provides the timeline of events and when specific misrepresentations were
2  allegedly made. *See id.* This is enough to put HPE on notice of the particular misconduct
3  so that it can defend itself. The claims are adequately pled under Rule 9(b).

### D. The Claims, As Pled, Are Time-Barred

Finally, HPE argues that the claims are untimely. Fraud and negligent misrepresentation claims are subject to three-year statutes of limitations and unfair competition claims to a four-year statute of limitations. Cal. Code Civ. Proc. §338(d); Cal. Bus. & Prof. Code § 17208; *Villegas v. Wells Fargo Bank, N.A.*, Case No. 12-cv-2004-LB, 2012 WL 4097747 at *4 (N.D. Cal. Sept. 17, 2012). This timing accrues from the date that the plaintiff discovers, or should have discovered, the misrepresentation or fraud. *Aiello v. BAC Home Loans Servicing, LP*, Case No. 11-cv-3655-RS, 2011 WL 13266352 at *4 (N.D. Cal. Sept. 30, 2011). The plaintiff must show "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1131–32 (N.D. Cal. 2009). The burden is on the plaintiff to show that it exercised this diligence. *Rhynes v. Stryker Corp.*, Case No. 10-cv-5619-SC, 2011 WL 2149095, at *2 (N.D. Cal. May 31, 2011). The plaintiff must "affirmatively excuse his failure to discover the fraud within [the statutory period] by showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Clemens v. DaimerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008).

The pre-contract misrepresentations alleged in the complaint occurred more than five years before it was filed. Thus MegaFon must plead that it did not and could not have discovered the claims within the limitations period. *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 894 (N.D. Cal. 2013). Here, MegaFon's allegations on this question are somewhat unclear. For example, the complaint states that MegaFon learned some facts "years later" without specifying what facts it learned in what year. Dkt. No. 1 at ¶¶ 37, 40. MegaFon alleges that through 2016, HPE "was still insisting" that it "would resolve the ongoing issues." *Id.* at ¶ 95. "It was not until 2017, following numerous catastrophic

10

cascading failures . . . that MegaFon finally became aware" that the system was hopelessly flawed. *Id.* The complaint describes MegaFon discovering this system failure in April and May 2017, and the parties discussing the failure throughout May and June 2017 ending with a confirmation of the cause of the failure in September 2017. *Id.* at ¶¶ 68–86.

MegaFon repeatedly alleges that HP "concealed" the fraud. *Id.* at ¶ 57, 92, 97. If MegaFon intends to plead fraudulent concealment, it must allege: (1) that HPE took affirmative acts to mislead it; (2) that MegaFon did not have actual or constructive knowledge of the facts giving rise to these claims; and (3) that it acted diligently in trying to uncover those facts. *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 276 (9th Cir. 1988). Here, MegaFon refers vaguely to concealment without alleging with particularly what was concealed, by whom, or how.

The Court finds that the complaint does not allege sufficient facts about (1) how and when the alleged fraud and negligent misrepresentation were discovered, or (2) why they could not have been discovered earlier despite reasonable diligence. To meet its burden, MegaFon should clarify precisely when it discovered the fraud and misrepresentation and provide more detail such as who made these discoveries and how they did so. Further, MegaFon must allege facts to show that it could not have made this discovery earlier despite reasonable diligence and must additionally show that it in fact exercised that reasonable diligence. *See, e.g., Plumlee v. Pfizer, Inc.*, Case No. 13-cv-00414-LHK, 2014 WL 695024, at *8–9 (N.D. Cal. Feb. 21, 2014) (Judge Lucy H. Koh finding in a fraudulent misrepresentation case that the plaintiff had inadequately alleged "the time and manner of discovery" and "facts that show[ed] her diligence," and granting leave to amend). If MegaFon was prevented from discovering the fraud due to HPE's concealment, MegaFon must more thoroughly allege what HPE concealed and how.

The facts, as alleged, are not enough to meet MegaFon's burden. The motion to dismiss is GRANTED on this basis. Because it is not clear that MegaFon cannot allege additional facts to cure this deficiency, the Court GRANTS LEAVE TO AMEND the Complaint. *See Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d at 895 (Judge Koh granting

11

leave to amend when plaintiff failed to allege sufficient facts to show that fraud claims were not barred by statutes of limitations due to delayed discovery).

### E. Other Grounds for Dismissal

HPE also presents other miscellaneous grounds for dismissal: (1) that the contract's integration clause renders MegaFon's reliance on pre-contract statements unreasonable; (2) that MegaFon cannot base its claims on statements in the contract; (3) that MegaFon insufficiently pleads a theory of fraudulent omission; and (4) that the post-contract statements could not have induced reliance.

#### 1. The Integration Clause Does Not Render MegaFon's Reliance Unreasonable

HPE argues that the integration clause in the contract between MegaFon and HPE Russia precludes MegaFon's alleged reliance upon any pre-contract statements. The integration clause reads: "[a]ll preliminary negotiations and correspondence [that] took place before signing this Contract lose force from the moment of its sign[ature] except the Protocol of Agreement." Dkt. No. 24, Ex. A, at § 17.2.

As stated above, this case does not sound in contract and the terms of the contract between MegaFon and HPE Russia are not the fundamental ground for this suit. Furthermore, the existence of a general integration clause does not make reliance on other statements automatically unreasonable. *Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp.*, 32 Cal. App. 4th 985, 995–96 (1995). Reliance on pre-contract statements when contract language contradicts them is only per se unreasonable when the content of the conflicting statements is specific and the contradiction is direct. *See Applied Elastometrics, Inc. v. Z-Man Fishing Prods.*, Case No. 06-cv-2469-CW, 2006 WL 3251732 at \*6 (N.D. Cal. Nov. 8, 2006). HPE does not argue in its motion that any express language in the contract contradicted any particular alleged pre-contract statements, but only submits that the general integration clause should render reliance on any pre-contract statements unreasonable. Not so. The integration clause itself does not automatically render MegaFon's reliance on HPE's pre-contract statements unreasonable.

### 2. MegaFon Does Not Depend on Statements in the Contract

HPE argues that MegaFon cannot base its fraud claims on statements contained in the contract between HPE Russia and MegaFon because HPE Russia, not HPE, was a signatory to the contract and thus made the statements contained therein. Moreover, HPE argues that basing fraud claims on statements in the contract is precluded by the economic loss doctrine, which holds that fraud claims cannot be based on contract language. *See JMP Sec. LLP v. Altair Nanotechnologies, Inc.*, 880 F. Supp. 2d 1029, 1042 (N.D. Cal. 2012).

Whether MegaFon may base its fraud claims in part on language contained within the contract is not the question before the Court on a motion to dismiss. Here, the Court must only determine whether MegaFon has presented sufficient factual allegations to make facially plausible claims for relief. Even without reliance on statements within the contract, MegaFon has already done so. The Court finds that MegaFon's claims do not depend on its allegations of reliance upon statements in the contract, so this argument is not a ground for dismissal.

### 3. MegaFon Does Not Rely on a Theory of Fraudulent Omission

HPE next argues that MegaFon's "allegations are insufficient to the extent they rely on a theory" of fraudulent omission. Dkt. No. 24 at 22. It is not clear to the Court that MegaFon indeed relies on a theory of fraudulent omission. Though the complaint alleges that HPE "knowingly omitted" and failed to "disclose" certain information from MegaFon, its fraud claims are in large part based on affirmative statements made by HPE rather than lack of disclosure. Dkt. No. 1 at ¶ 41, 43. Because the complaint does not rely on a theory of fraudulent omission, this argument is not a ground for dismissal.

### 4. MegaFon's Claims Are Not Based on the Post-Contract Statements

MegaFon includes in the complaint statements made by HPE after the contract was executed. HPE argues that these statements could not have possibly induced MegaFon to have entered into the contract. MegaFon responds that these statements are included in the complaint simply to show HPE's intent to defraud. Dkt. No. 36 at 14. The Court accepts

13

that MegaFon's presentation of the post-contract statements is not as a basis for inducement or reliance, so there is no ground for dismissal here.

**IV. Conclusion**

The Court FINDS that HPE Russia is not a necessary party to this action and that the pleading is sufficient under Rules 12(b)(6) and 9(b). HPE's other grounds for the motion to dismiss also fail. But MegaFon has not pled sufficient facts to show that the claims are not time-barred. As such, the motion is GRANTED IN PART and DENIED IN PART. The Court grants MegaFon LEAVE TO AMEND the complaint by **March 26, 2019.** If MegaFon does not file a timely amended complaint that corrects the deficiency, the Court will enter judgment for HPE.

The Court granted a motion to stay discovery in this case pending its order on the motion to dismiss. Dkt. No. 33. Because the Court has granted MegaFon leave to amend the complaint, the stay of discovery remains in effect until further order.

**IT IS SO ORDERED.**

Dated: March 12, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

14